**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES HENRY GREEN, ) | |
| ) | |
| ) | 3:09-cv-00206-ECR-VPC |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| GREG COX, *et al.*, ) | |
| ) | |
| ) | September 1, 2011 |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss, or in the alternative motion for summary judgment, and request for sanctions (#21).[1] Plaintiff opposed (#28) and defendants replied (#29). The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss, or in the alternative motion for summary judgment, and request for sanctions (#21) be granted in part and denied in part.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff James Henry Green ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#28). The court screened plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A and found that plaintiff states claims for First Amendment retaliation against defendants Stroud, Dooley, Groover, Liverani, Siever, Henson, and Nevins for violations of his rights that occurred while he was housed at High Desert State Prison ("HDSP") from June 17, 2008 through October 22, 2008 (#14, p. 1 & #21, p. 4). Plaintiff's amended complaint states that NDOC officials filed three disciplinary charges against him based on fabricated evidence in order to prevent him from filing additional grievances (#12, p. 5). The court found that plaintiff alleged "sufficient facts to show that the

---

[1] Refers to the court's docket numbers.

disciplinary charges were not brought on actual evidence but on the 'perjured' testimony of the charging officers, who [have] previously been the subject of plaintiff's grievances" (#14, p. 1).

Defendants submit a motion to dismiss plaintiff's complaint for failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740, and for failure to state a claim upon which relief may be granted (#21). Defendants explain that plaintiff bases his retaliation claims on three disciplinary charges: (1) 199403, regarding plaintiff's attempt to send personal mail marked as legal mail; (2) 227085, charging plaintiff with improper use of supplies to make a personal greeting card and failure to properly address outgoing mail; and (3) 227964, reflecting plaintiff's threats to staff. *Id.* at 5-6. Defendants contend that plaintiff did not exhaust his administrative remedies for disciplinary charges 227085 and 227964. *Id.* Specifically, plaintiff did not appeal or grieve disciplinary charge 227085 and plaintiff did not proceed beyond the informal grievance level for disciplinary charge 227964. *Id.* As a result of these deficiencies, defendants believe these claims should be dismissed. *Id.* at 5-6.

Defendants concede that plaintiff appears to have exhausted his appeal of disciplinary charge 199403; however, they argue that plaintiff fails to state a retaliation claim based on this disciplinary proceeding. *Id.* at 7. Defendants claim that plaintiff did not allege facts to demonstrate that his speech was chilled or deterred. *Id.* In fact, defendants note that plaintiff filed seventy-one grievances between June 25, 2008, and February 3, 2011, which defendants believe is proof that plaintiff's speech was not hindered. *Id.* In the alternative, defendants claim that even if plaintiff did state a claim for retaliation, his claim should not survive summary judgment because he cannot show that defendants engaged in the allegedly retaliatory action for an improper purpose. *Id.* at 8. Defendants note that plaintiff's disciplinary charge shows that NDOC staff warned plaintiff about using the prison mail system improperly prior to issuing him a notice of charges for the same offense (Ex. E, #21-4, p. 18). Additionally, plaintiff's statement on the notice of charges says that he believes prison officials cannot tell him where to send his mail and that he was sending the mail to a "runner," not to an attorney. *Id.* at 20.

Finally, defendants seek sanctions pursuant to Nevada Revised Statutes 209.451(1)(d) because they believe plaintiff's complaint includes exaggerations and omissions. *Id.* at 9.

2

Defendants explain:

> Plaintiff has filed this action for the improper purpose of escaping sanctions for his abuses of the prison mail system, misuse of supplies, and threats towards staff. Using this civil lawsuit to reduce his punishment is improper and Plaintiff has gotten this far because he omitted crucial details from his original verified complaint which was signed under penalty of perjury. If Plaintiff had informed the Court of his actual grievance activity and the underlying facts of his disciplinary charges, Plaintiff's claims would have probably never passed screening.

*Id.* at 11.

In his opposition, plaintiff claims defendants have no evidence that he was warned not to label his personal mail as legal mail; rather, plaintiff contends that he was found guilty without any evidence that he engaged in such behavior (#28, p. 3, 11). Plaintiff also seems to argue that defendants found him guilty of labeling his mail improperly pursuant to an unconstitutional institutional procedure, which had been repealed eight months prior to the date of his disciplinary charge. *Id.* Plaintiff further states that he did not plead guilty to disciplinary 227085 and that he filed an emergency grievance regarding defendants' conduct with respect to this plea. *Id.* at 4.

Additionally, plaintiff argues that he filed several grievances to which defendants did not refer in their motion, including several emergency grievances. *Id.* at 5. Plaintiff believes that through these grievances, "the state was given ample opportunity to decide the matter internally and failed." *Id.* at 8. Plaintiff also alleges that AR 740 is ambiguous because the provisions describing emergency grievances state that an inmate "may" file an informal grievance if he disagrees with the disposition of the emergency grievance, but it does not say that he must file an informal grievance. *Id.* at 9. Further, plaintiff asserts that he filed several grievances that were not logged. *Id.* at 10. Finally, plaintiff requests that this court order an investigation by the Office of the U.S. Attorneys into prison officials' compliance with constitutional requirements at HDSP. *Id.* at 17.

Defendants' reply notes that NDOC staff repeatedly returned plaintiff's emergency grievances and directed him to file proper informal grievances (#29, p. 3). Defendants argue further that plaintiff failed to produce evidence of exhaustion for his disciplinary charges 227085 and 227964; therefore, they believe that these claims should be dismissed. *Id.* Defendants renewed their arguments about plaintiff's exhausted claims, stating first that the claim should be dismissed because plaintiff failed to allege facts demonstrating that his speech was chilled. *Id.* at 4. Alternatively,

1  defendants believe the claim should be denied on summary judgment because plaintiff failed to show
2  that the actions taken against him were purely motivated by an improper purpose. *Id.* at 6. Finally,
3  defendants state that plaintiff's request for an investigation is without merit and construe this request
4  as a motion for appointment of counsel, which they believe should be denied. *Id.* Defendants also
5  restate their request for sanctions. *Id.* at 8.

## II. DISCUSSION & ANALYSIS

**A.  Discussion**

    **1.  Exhaustion**

The failure to exhaust is an affirmative defense, and the defendant bears the burden of raising and proving failure to exhaust. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), *cert. denied* 540 U.S. 810 (2003). The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated 12(b) motion. *Wyatt*, 315 F.3d at 1119 (citations omitted); *see also Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988). If the court ultimately finds that plaintiff has not exhausted his nonjudicial remedies, the proper remedy is dismissal of his claims without prejudice. *Wyatt*, 315 F.3d at 1119-20, as noted in *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Ritza*, 837 F.2d at 368.

In *Ritza*, the court noted the distinction between summary judgment and dismissal for matters in abatement as it concerns the court's authority to resolve factual disputes:

> [One] reason why a jurisdictional or related type of motion, raising matter in abatement . . . , should be distinguished from a motion for summary judgment relates to the method of trial. In ruling on a motion for summary judgment the court should not resolve any material factual issue . . . . If there is such an issue it should be resolved at trial . . . . On the other hand, where a factual issue arises in connection with a jurisdictional or related type of motion, the general view is that there is no right of jury trial as to that issue . . . and that the court has a broad discretion as to the method to be used in resolving the factual dispute.

*Ritza*, 837 F.2d at 369 (citations omitted). Therefore, the court must treat the exhaustion issue as one raised in an unenumerated 12(b) motion, and is tasked with resolving factual issues that arise.

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

4

1  confined in any jail, prison, or other correctional facility until such administrative remedies as are
2  available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district
3  court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532
4  U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy,
5  and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5).
6  Even when the prisoner seeks remedies not available in the administrative proceedings, notably
7  money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case
8  law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6
9  ("We will not read futility or other exceptions into statutory exhaustion requirements where
10  Congress has provided otherwise.").

11  Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The
12  PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds
13  out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S.
14  81, 89 (2006). Requiring exhaustion prior to filing suit furthers the congressional objectives of the
15  PLRA as set forth in *Porter v. Nussle*, 534 U.S. 516, 524-25. *See id.* at 1200. "Applicable
16  procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance
17  process itself." *Jones*, 549 U.S. at 218.

18      **2.    Motion to Dismiss**

19  "A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law.*" North
20  Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To survive a
21  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a
22  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting
23  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when
24  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
25  defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

26  When considering a motion to dismiss for failure to state a claim upon which relief can be
27  granted, the court employs to a two-pronged approach. *Id.* First, the court must accept as true all
28  of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Second, only a

1  complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1950. In other
2  words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable
3  inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."
4  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus, a complaint may be dismissed
5  as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a
6  cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir.
7  1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

8  Under Section 1983, a plaintiff must allege that (1) defendants subjected him to the
9  deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law, and
10  (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see*
11  *also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A *pro se* plaintiff's second amended
12  complaint must be construed liberally and can only be dismissed where it appears certain that the
13  plaintiff would not be entitled to relief. *Ortez v. Washington Cnty., State of Or.,* 88 F.3d 804, 807
14  (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than
15  formal pleadings drafted by a lawyer, *Haines v. Kerner,* 404 U.S. 519 (1972), sweeping conclusory
16  allegations will not suffice. *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

17  **3.   Motion for Summary Judgment**

18  Summary judgment allows courts to avoid unnecessary trials where no material factual
19  disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).
20  The court grants summary judgment if no genuine issues of material fact remain in dispute and the
21  moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view
22  all evidence and any inferences arising from the evidence in the light most favorable to the
23  nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme
24  Court has noted:

25  > [W]e must distinguish between evidence of disputed facts and disputed matters of
   > professional judgment. In respect to the latter, our inferences must accord deference
26  > to the views of prison authorities. Unless a prisoner can point to sufficient evidence
   > regarding such issues of judgment to allow him to prevail on the merits, he cannot
27  > prevail at the summary judgment stage.

28  *Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material

1  facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*,
2  477 U.S. 242, 251 (1986).

3        The moving party bears the burden of presenting authenticated evidence to demonstrate the
4  absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323
5  (1986); *see Orr. v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002) (articulating the standard
6  for authentication of evidence on a motion for summary judgment).  Once the moving party has met
7  its burden, the party opposing the motion may not rest upon mere allegations or denials in the
8  pleadings, but must set forth specific facts showing that there exists a genuine issue for trial.
9  *Anderson*, 477 U.S. at 248.  Rule 56(c) mandates the entry of summary judgment, after adequate time
10 for discovery, against a party who fails to make a showing sufficient to establish the existence of an
11 element essential to that party's case, and on which that party will bear the burden of proof at trial.
12 *Celotex*, 477 U.S. at 322-23.

13       On summary judgment the court is not to weigh the evidence or determine the truth of the
14 matters asserted but must only determine whether there is a genuine issue of material fact that must
15 be resolved by trial.  *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997).
16 Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a
17 reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment
18 motion.  *See Addisu v. Fred Meyer, Inc.*,198 F.3d 1130, 1134 (9th Cir. 2000).

19 **B. Analysis**

20       Defendants state that plaintiff bases his retaliation claims on three disciplinary charges (#21,
21 pp. 5-6).  Defendants argue that plaintiff failed to exhaust his administrative remedies for two of
22 these disciplinary charges and contend that these claims should be dismissed.  *Id.*   Further,
23 defendants assert that plaintiff fails to state a claim for retaliation for his remaining disciplinary
24 charge because he fails to allege that his speech was chilled.  *Id.* at 7.  Alternatively, defendants
25 believe that even if the court finds that plaintiff states a claim for retaliation, this claim should be
26 dismissed on summary judgment because plaintiff fails to show that defendants' conduct did not
27 advance a legitimate penological purpose.  *Id.* at 8.  Defendants also request the court to award
28 sanctions against plaintiff because they believe he knowingly exaggerated or omitted key facts in his

1 verified complaint. *Id.* at 9-11.

2     Plaintiff argues that he filed several emergency grievances, which provided NDOC with
3 notice of the alleged constitutional violations (#28, p. 5). Further, plaintiff argues that AR 740 is
4 vague because it does not state that inmates must file informal grievances if they do not receive an
5 agreeable outcome from their emergency grievances. *Id.* at 10. Plaintiff also believes there is an
6 outstanding question of material fact regarding defendants' conduct, as he maintains that the notice
7 of charges and evidence upon which he was found guilty of labeling his personal mail as legal were
8 false. *Id.* at 11-12. Finally, plaintiff asks this court to initiate an investigation into HDSP staff'
9 conduct to assess constitutional compliance. *Id.* at 17.

10     **1.  Exhaustion**

11     Defendants believe that plaintiff's complaint should be dismissed because plaintiff failed to
12 file grievances that comply with the guidelines detailed in AR 740 (#21, pp. 6-7). Defendants attach
13 to their motion the version of AR 740 that was in effect at the time of the alleged violations (Ex. I,
14 #21-6). In order for plaintiff to exhaust available remedies, AR 740 requires the following: (1) an
15 informal review level, which "shall be reviewed and responded to by the inmate assigned
16 caseworker" in consultation with other appropriate staff; (2) a first level formal grievance, which
17 "shall be reviewed and responded to by the Warden;" and (3) a second level grievance, which "shall
18 be reviewed and responded to by either the Assistant Director of Operations, Assistant Director of
19 Support Services, Offender Management Administrator, Medical Director, or Correctional Programs
20 Administrator." *Id.* at 11.

21     Once received, NDOC logs informal grievances into a tracking system. *Id.* at 14. The
22 caseworker assigned to the grievance will provide the inmate with a response within twenty-five
23 days, unless more time is required to conduct further investigation. *Id.* at 15. Inmates may proceed
24 to the next grievance level if they do not receive a response within the time frame indicated in the
25 regulation. *Id.* at 14. "Failure . . . to submit a proper Informal Grievance form . . . within the time
26 frame noted above shall constitute abandonment of the inmate's right to pursue resolution of that
27 claim at any level of the Inmate Grievance Procedure." *Id.* If the inmate is not satisfied by NDOC's
28 response to his informal grievance, he may appeal the decision within five days by filing a first level

8

1 grievance. *Id.* at 16-17. NDOC will provide a response within twenty days of receipt of the first
2 level grievance. *Id.* at 17. If a first level grievance "does not comply with procedural guidelines"
3 NDOC will return the grievance to the inmate unprocessed with instructions. *Id.* Finally, if the
4 inmate is not satisfied with the first level grievance outcome, he may file a second level grievance,
5 to which the NDOC will respond within twenty days. *Id.* at 17-18. Upon completion of the
6 grievance process, inmates may pursue civil rights litigation in federal court.

7 The court agrees with defendants that plaintiff has failed to exhaust his administrative
8 remedies. Upon review of plaintiff's grievance history, the court notes that his grievances
9 chronically suffer from numerous procedural deficiencies. First, NDOC has notified plaintiff on
10 several occasions that emergency grievances are only appropriate in emergency situations (Ex. C,
11 #21-2, pp. 34, 36-37). In fact, these notices include the advice to file a proper informal grievance
12 in order to pursue plaintiff's claims. *Id.* Second, plaintiff did not file grievances at each of the
13 appropriate levels for two of the three disciplinary charges upon which he bases his retaliation
14 claims. Plaintiff failed to file informal, first, or second level grievances in order to appeal his
15 disciplinary charge 22085 and he did not file grievances at the first or second levels for his
16 disciplinary charge 227964. *Id.* at 37 (grievance number 20062796148). This plainly violates the
17 grievance procedure outlined in AR 740.

18 Third, plaintiff's argument that AR 740 is ambiguous because it does not mandate inmates
19 to file grievances at each of these levels is wholly without merit. Inmates are not required to file
20 grievances unless they choose to express their disagreement with NDOC staffs' conduct or responses
21 to lower level grievances. Therefore, the language of the statute reflects an inmates' choice to pursue
22 grievances by stating that they "may" file grievances. Similarly, inmates have the choice to file civil
23 rights litigation or not. However, the choice to file grievances does not exempt inmates who wish
24 to pursue civil rights litigation from exhausting their administrative remedies by filing all three levels
25 of grievances according to the process outlined in AR 740, as plaintiff seems to suggest.

26 Due to the grievance deficiencies stated above, the court recommends that defendants'
27 motion to dismiss for plaintiff's failure to exhaust his administrative remedies for disciplinary
28 charges 227085 and 227964 (#21, pp. 5-6) be granted and that these claims be dismissed without

1  prejudice.

2  **2. Motion to Dismiss - Retaliation**

3  Defendants next contend that plaintiff's claim for retaliation based upon the sole remaining
4  disciplinary charge - 199403 - should be dismissed for failure to state a claim because plaintiff did
5  not demonstrate that his speech was chilled by defendants' conduct (#21, p. 7). On the contrary,
6  defendants note that plaintiff files approximately one grievance every two weeks, which they believe
7  is clear evidence that plaintiff's speech is not chilled. *Id.*

8  "A prison inmate retains those First Amendment rights that are not inconsistent with his
9  status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v.*
10 *Procunier*, 417 U.S. 817, 822 (1974). "Of fundamental import to prisoners are their First
11 Amendment 'rights to file prison grievances . . .'" *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir.
12 2005) (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). "Because purely retaliatory
13 actions taken against a prisoner for having exercised those rights necessarily undermine those
14 protections, such actions violate the Constitution quite apart from any underlying misconduct they
15 are designed to shield." *Id.* "Within the prison context, a viable claim of First Amendment
16 retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action
17 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled
18 the inmates' exercise of his First Amendment rights, and (5) the action did not reasonably advance
19 a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68.

20 The court in *Rhodes* explained pleading requirements to allege a "chilling effect:"

21 > [A]t the pleading stage, we have *never* required a litigant, *per impossibile,* to demonstrate a *total* chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely silenced. In *Mendocino Environmental Center v. Mendocino County*, we pointed out that the proper First Amendment inquiry asks "whether an official's acts would chill *or* silence a person of ordinary firmness from future First Amendment activities." (Citations omitted). Because "it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity," Rhodes does not have to demonstrate that his speech was "actually inhibited or suppressed." (Citations omitted). Rhodes' allegations that his First Amendment rights were chilled, though not necessarily silenced, is enough to perfect his claim.

*Id.* at 568-69. The court also explained that even if Rhodes had not alleged a chilling effect, his

10

1   allegations that he was harmed would likely suffice. *Id.* at 567 n.11 (noting that "harm that is more
2   than minimal will almost always have a chilling effect").

3   Here, plaintiff alleges in his amended complaint that he was charged with a violation that he
4   did not commit and found guilty without any evidence. Plaintiff believes these actions reflect
5   defendants' retaliatory motive. As a result of the charges, plaintiff states that he endured four
6   months of segregation. In light of *Rhodes*, the court finds that plaintiff's allegation of harm - four
7   months in segregation - is adequate to satisfy the requirement that he pled a chilling effect on his
8   speech in order to state a retaliation claim. It is unnecessary for plaintiff to demonstrate that he was
9   completely silenced or unable to file future grievances in order to state a claim.

10  Therefore, the court recommends that defendants' motion to dismiss plaintiff's claim of
11  retaliation based on disciplinary charge 199403 for failure to state a claim (#21, p. 7) be denied.

12  **3.    Summary Judgement - Retaliation**

13  Defendants argue that in the event the court finds that plaintiff states a claim for retaliation
14  in his amended complaint, they should be awarded summary judgment on the claim because plaintiff
15  fails to demonstrate that defendants' conduct - filing a notice of charges for misuse of the mail
16  system and subsequently finding plaintiff guilty of these charges - was motivated by an improper
17  purpose. *Id.* at 8-9. Rather, defendants explain, the notice of charges and disciplinary hearing reflect
18  the institutional policy against allowing inmates to label personal mail as legal mail. *Id.* Plaintiff
19  believes the notice of charges was filed in retaliation for his previous grievance filings.

20  The court's analysis focuses on the second prong of a retaliation claim, which states that the
21  defendant acted "because of" the inmates' protected activity. Defendants state that they acted
22  because plaintiff violated the prison's rules, while plaintiff argues in his briefing and self-serving
23  declaration that they acted because he filed grievances. The court is persuaded that defendants'
24  actions reflected their need to maintain prison security and safety by controlling the prison mail
25  system. Further, the court notes that plaintiff was plainly aware of this motivation when he stated
26  on his disciplinary charge that he believes the prison is not permitted to tell him where he may send
27  his mail and admits that he was not sending the mail in question to an attorney.

28  Therefore, the court finds that based on the evidence before the court - namely, plaintiff's

11

disciplinary forms - there is not an outstanding issue of material fact regarding defendants' motivations in disciplining plaintiff. Based on this finding, the court recommends that defendants' motion for summary judgment as to plaintiff's retaliation claim based on disciplinary 199403 (#21, pp. 8-9) be granted.

In light of the dismissal of plaintiff's claims related to disciplinary charges 227085 and 227964 and the grant of summary judgment in defendants' favor for claims related to disciplinary charge 199403, plaintiff's request for an investigation by the Office of the U.S. Attorneys is moot.

### 4. Defendants' Request for Sanctions

Defendants request that this court enter a sanction against plaintiff pursuant to Nevada Revised Statutes 209.451(1)(d) because they believe he exaggerated or omitted key facts in his verified complaint. *Id.* at 9. Such a sanction would result in the forfeiture of any deductions of time plaintiff earned prior to filing his complaint with the court. *Id.* at 10. The court declines to award such a sanction at this time because it is not fully convinced that plaintiff did more than express his strongly-held beliefs, however inaccurate, about the matters he asserted in his complaint. Notwithstanding this decision, the court admonishes plaintiff to file factually accurate documents in any future or pending litigation. Civil rights litigation is costly and time intensive and the court and defendants should not be required to expend energy and resources unnecessarily.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants met their burden of proving that plaintiff failed to exhaust his administrative remedies for his claims against defendants related to disciplinary charges 227085 and 227964. Therefore, the court recommends that defendants' motion to dismiss plaintiff's claims related to these charges (#21, pp. 5-6) be **GRANTED**. The court also recommends that defendants' motion to dismiss plaintiff's claims related to disciplinary charge 199403 for failure to state a claim (#21, p. 7) be **DENIED**. However, the court recommends that defendants' motion for summary judgment on the same claim (#21, pp. 8-9) be **GRANTED**. The court also recommends that defendants' request for sanctions (#21, p. 9 ) be **DENIED**. Finally, the court recommends that plaintiff's request for an investigation into HDSP (#28, p. 17) be **DENIED** as moot. The parties are advised:

12

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss, or in the alternative motion for summary judgment, and request for sanctions (#21) be **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Defendants' motion to dismiss plaintiff's retaliation claims related to disciplinary charges 227085 and 227964 for failure to exhaust (#21, pp. 5-6) be **GRANTED**.

2. Defendants' motion to dismiss plaintiff's retaliation claims related to disciplinary charge 199403 for failure to state a claim (#21, p. 7) be **DENIED**.

3. Defendants' motion for summary judgment on plaintiff's retaliation claims related to disciplinary charge 199403 (#21, pp. 9-10) be **GRANTED**.

4. Defendants' motion for sanctions (#21, p. 10) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's retaliation claims related to disciplinary charges 227085 and 227964 be **DISMISSED WITHOUT PREJUDICE** (#12, p. 5).

**IT IS FURTHER RECOMMENDED** that plaintiff's request for an investigation by the Office of the U.S. Attorneys (#28, p. 17) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that this case be **CLOSED** and **JUDGMENT ENTERED ACCORDINGLY.**

**DATED:** September 1, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**